UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHERRY L. SNELL,

      Plaintiff,                      Case No. 3:18-cv-173

vs.

COMMISSIONER OF SOCIAL SECURITY,      Magistrate Judge Michael J. Newman
                                   (Consent Case)
      Defendant.
_____

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**
_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law

Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance

Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on

Plaintiff's Statement of Errors (doc. 13), the Commissioner's memorandum in opposition (doc. 16),

Plaintiff's reply (doc. 17), the administrative record (doc. 7),[2] and the record as a whole.

**I.**

**A.      Procedural History**

Plaintiff originally filed for DIB and SSI on August 1, 2012. PageID 125. Ultimately, she

received a hearing before ALJ Christopher L. Dillion, who authored an opinion on February 21, 2014,

finding Plaintiff not disabled. PageID 125-37. No appeal of this decision was taken.

_____

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.
[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

Thereafter, on December 18, 2014, Plaintiff re-filed for DIB and SSI alleging a disability onset date of March 1, 2014. PageID 58. In that second application, Plaintiff claimed disability as a result of a number of alleged impairments including, *inter alia*, Crohn's disease, obesity, residual effects from gastric sleeve surgery, and borderline intellectual functioning. PageID 61.

After an initial denial of her second application, Plaintiff received a hearing before ALJ Elizabeth A. Motta on January 9, 2017. PageID 100-20. ALJ Motta issued a written decision on September 25, 2017 finding Plaintiff not disabled. PageID 58-70. Specifically, ALJ Motta found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 64-70. This opinion was consistent with *Drummond* because Plaintiff submitted new and material evidence to her file after the disposition of first filing. *Drummond v. Comm'r of Soc. Sec.,* 126 F. 3d 837 (6th Cir. 1997).

The Appeals Council subsequently denied Plaintiff's request for review, making ALJ Motta's non-disability finding the final administrative decision of the Commissioner. PageID 47-50. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). This September 25, 2017 non-disability finding by ALJ Motta (hereinafter "ALJ") is now before the Court for review.

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 58-70), Plaintiff's Statement of Errors (doc. 13), the Commissioner's memorandum in opposition (doc. 16),

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. Id. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

and Plaintiff's reply (doc. 17). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A.    Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B.    "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough

to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1.  Has the claimant engaged in substantial gainful activity?;

2.  Does the claimant suffer from one or more severe impairments?;

3.  Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4.  Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5.  Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred in interpreting medical data in functional terms. Doc. 13 at PageID 2120. As discussed more fully herein, the undersigned agrees with Plaintiff's alleged error.

The ALJ has the responsibility to develop the administrative record, *see* 20 C.F.R. §§ 404.1512(d), (e) and 404.1545(a)(3), even though Plaintiff bears the ultimate burden of proof as to the existence and severity of the limitations caused by her impairments. *Cruse v. Comm'r of Soc. Sec.,* 502 F.3d 532, 545 (6th Cir. 2007). Although the ALJ has discretion whether to order a

consultative examination, or call a Medical Expert at the hearing, the ALJ's RFC finding must have the support of "substantial evidence" in the administrative record. *Smith v. Comm'r of Soc. Sec.,* 482 F.3d 873, 877 (6th Cir. 2007).

In assessing a Plaintiff's RFC, an ALJ must consider all relevant evidence, including medical source opinions. *See* 20 C.F.R. §§ 404.1527(d) and 404.1545(a). Generally:

> where the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations (or only an outdated nonexamining agency opinion), to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a [M]edical [E]xpert testify at the hearing. This responsibility can be satisfied without such opinion only in a limited number of cases where the medical evidence shows 'relatively little physical impairment' and an ALJ can render a commonsense judgment about functional capacity.

*Deskin v. Comm'r of Soc. Sec.,* 605 F.Supp.2d 908, 912 (N.D. Ohio 2008) (internal quotation omitted). Such general rule "applies only when an ALJ makes a finding of work-related limitations based on no medical source opinion or an outdated source opinion that does not include consideration of a critical body of objective medical evidence." *Kizys v. Comm'r of Soc. Sec.,* 3:10-CV-25, 2011 WL 5024866, at *2 (N.D. Ohio Oct. 21, 2011).

Here, there are only two medical opinions of record regarding Plaintiff's physical RFC. PageID 66-67. Esberdado Villanuevo, M.D., and Edmond Gardner, M.D., two non-examining state agency physicians, reviewed Plaintiff's files and authored opinions in March and July of 2015, respectively. *Id.* These physicians both opined that Plaintiff is capable of performing light work subject to some additional limitations. *Id.* The ALJ afforded their opinions "some weight" because "significant additional evidence was submitted to the record since [their] review, which suggests need for some changes." *Id.*

Indeed, Plaintiff added two years of medical records to her file after Drs. Villanuevo and Gardner authored their opinions. PageID 68. Importantly, one piece of medical evidence not reviewed by any physician was a CT scan taken in October of 2016. PageID 2039-40. The scan revealed a "right hydroureternophrosis with an enlarged, edematous appearing right kidney with perinephric fluid

and stranding"; a "6mm obstructing calculus in the distal right ureter"; "postoperative changes from gastric sleeve procedure and right hemicolectomy"; "cholecystectomy"; and a "hydronephrosis with renal calculous obstruction." *Id.* Thus, Plaintiff's record includes only the type of "outdated nonexamining agency opinions," *Deskin,* 605 F.Supp.2d at 912, not based on a review of "a critical body of objective medical evidence," which necessitate further development of the record. *Kizys,* 2011 WL 5024866, at *2.

Interpreting these kinds of complex medical diagnosis and images "in terms that the ALJ, who is not a medical professional, may understand" is "[t]he primary function of a medical expert." *Griffin v. Astrue*, No. 3:07-cv-447, 2009 WL 633043, at *10 (S.D. Ohio Mar. 6, 2009). Thus, although it is generally up to the discretion of the ALJ whether to call an expert to testify, the Court may overturn that discretion where, as here, "it appears that the use of a medical consultant was necessary -- rather than simply helpful -- in order to allow the ALJ to make a proper decision."[4] *Young v. Comm'r of Soc. Sec.,* No. 2:10-cv-960, 2011 U.S. Dist. LEXIS 79719, at *17 (citing *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986)).

Moreover, the ALJ's determination -- that Plaintiff could perform light work if she is permitted to be off task five percent of the day -- is not grounded in even these outdated, nonexamining medical source opinions. "The RFC is ultimately a medical question that must find at least some support in the medical evidence of record." *Powell v. Comm'r of Soc. Sec.*, No. 3:15-CV-406, 2017 WL 1129972, at *4 (S.D. Ohio Mar. 27, 2017) (citing *Casey v. Astrue*, 503 F.3d 687, 697 (8th Cir. 2007)); *see also Isaacs*, 2009 WL 3672060, at *10 ("'The opinions of treating physicians, consultative physicians, and medical experts who testify at hearings are crucial to determining a claimant's RFC'"). But here,

---

[4] The undersigned also notes that it is not entirely clear whether the ALJ even considered this CT scan in her non-disability finding. While the ALJ did consider other findings added to Plaintiff's record after the state agency physicians' review, she omitted an explicit analysis of this abnormal CT finding. *Bahnmiller v. Comm'r of Soc. Sec.*, No. 16-14097, 2018 U.S. Dist. LEXIS 47546 at *16-18 (E.D. Mich. Mar. 22, 2018) ("At a minimum, the ALJ must provide a discussion of why [new evidence not reviewed by a physician] does not support the disability claim"); *Hawthorne v. Comm'r of Soc. Sec.*, No. 3:13–cv–179, 2014 WL 1668477, at *11 (S.D. Ohio Apr. 25, 2014) (citing *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000)) (An "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his [or her] position)".

neither of the medical sources relied on by the ALJ offered any opinions on how Plaintiff's impairments impact her ability to stay on-task during a work day. PageID 144-55, 169-81. In other words, the ALJ's determination -- made without any support of medical source opinions -- also amounts to an impermissible interpretation of medical data and is unsupported by substantial evidence. *Powell*, 2017 WL 1129972, at *4.

The "key inquiry" is whether the ALJ "fully and fairly developed the record through a conscientious probing of all relevant facts." *Williams v. Astrue,* 1:11-CV-2569, 2012 WL 3586962, at *7 (N.D. Ohio Aug. 20, 2012). The undersigned finds remand necessary because the ALJ was derelict in executing this duty.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). In this instance, evidence of disability is not overwhelming and, therefore, the undersigned concludes that a remand for further proceedings -- as specifically set forth above -- is proper.

## V.

**IT IS THEREFORE ORDERED THAT:** (1) the Commissioner's non-disability finding is found unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the

Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **CLOSED**.

Date:  7/29/2019               s/ Michael J. Newman
                               Michael J. Newman
                               United States Magistrate Judge